UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALBERTO IRIARTE FERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, *et al.*,<br><br>Defendants. | No. 25 CV 7366<br><br>Judge Manish S. Shah |

## ORDER

Plaintiff's motion to expedite ruling on defendants' motion to dismiss, [23], is granted. Defendants' motion to dismiss for lack of subject-matter jurisdiction, [16], is granted. Enter judgment dismissing the case without prejudice for lack of jurisdiction. Terminate civil case.

## STATEMENT

Alberto Iriarte Fernandez seeks an order compelling United States Citizenship and Immigration Services to adjudicate his adjustment of status application. [6], [21].* Defendants move to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. [16]. Defendants' reply brief was delayed because of the 2025 lapse in federal government appropriations but was timely filed after the restoration of government funding. *See* [22]. Fernandez then moved to expedite the resolution of the pending motion to dismiss. [24].

This court lacks jurisdiction to provide the relief plaintiff requests because of the jurisdiction stripping provision in 8 U.S.C. § 1252(a)(2)(B)(ii), which precludes judicial review of any decision or action of the Secretary of Homeland Security for which the authority is specified, under Title 8, Chapter 12, Subchapter II, "to be in the discretion of" the Secretary. Under 8 U.S.C. § 1255(a)—which is found in the relevant subchapter and (in combination with 6 U.S.C. § 557) provides that the Secretary "may" adjust an alien's status, "in his discretion and under such regulations as he may prescribe"—the Secretary is unambiguously vested with discretion to decide or act on any application for adjustment of status. *See Bouarfa v. Mayorkas*,

* Bracketed numbers refer to entries on the district court docket.

604 U.S. 6, 13 (2024) ("As this Court has repeatedly observed, the word 'may' *clearly* connotes discretion.") (cleaned up).

The Third, Fifth, Eighth, and Eleventh Circuits have all agreed that the jurisdiction-stripping provision applies to § 1255(a). *Geda v. Dir. of USCIS*, 126 F.4th 835, 844 (3d Cir. 2025); *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024); *Thigulla v. Jaddou*, 94 F.4th 770, 775 (8th Cir. 2024); *Kanapuram v. Dir. of USCIS*, 131 F.4th 1302, 1306–07 (11th Cir. 2025). I agree with those courts' reasoning.

In his response to the motion to dismiss, as well as a concurrently filed Notice of Narrowed Relief, plaintiff clarifies that he is only asking for an order compelling USCIS to adjudicate the application, not grant or deny it. [20], [21]. But courts lack jurisdiction to review any decision *or action* made under authority specified to be in the discretion of the Secretary. 8 U.S.C. § 1252(a)(2)(B)(ii); *see also Soni v. Jaddou*, 103 F.4th 1271, 1273 (7th Cir. 2024) (analyzing the same argument in the context of an application for a waiver of inadmissibility). "Setting priorities—for example, how many employees to assign to processing applications under this clause, as opposed to handling other duties—is" such an action. *Soni*, 103 F.4th at 1273. The Administrative Procedure Act does not preserve jurisdiction in this case because it is expressly inapplicable where "statutes preclude judicial review." 5 U.S.C. § 701.

ENTER:

Date: January 13, 2026



Manish S. Shah
U.S. District Judge